CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
July 10, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
DEPUTY CLERK

IN THE

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

ABINGDON DIVISION

CHERIE DRAIN                                                         PLAINTIFF

v. Case No.: __1:25cv39_____

BIG STONE GAP LIFE CARE, LLC                              DEFENDANT

## COMPLAINT

Now comes the Plaintiff, by Counsel, and submits the following in support of her civil claims for damages, both compensatory and punitive, declaratory judgment relief, temporary injunctive relief, permanent injunctive relief and attorney's fees, against the Defendant.

In support of these claims, Counsel for the Plaintiff avers the following:

1.  Jurisdiction exists in this case pursuant to 42 U.S.C. §1395i-3 et seq, 42 USC §1983, 42 USC §1988, and 28 U.S.C. § 1331, 1343. Further, this Court has supplemental jurisdiction, pursuant to 28 U.S.C.§ 1367 (a), over any state law claims of unconscionability and fraud.

2.  Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiffs' claims occurred in this district.

3.  Assignment to the Abingdon Division of the Western District of Virginia is proper pursuant to Western District of Virginia Local Rules 2(a)(3) and 2(b), because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in this division.

4.  Cherie Drain resides in Big Stone Gap, Wise County, Virginia.

5.  Big Stone Gap Life Care, LLC operates a nursing home facility and is licensed as such by the Commonwealth of Virginia. The facility that is the subject of this litigation is located in Wise County, Virginia.

6.  As a result of Big Stone Gap Life Care, LLC operating a licensed nursing home facility, it is subject to the federal Nursing Home Reform Act, 42 U.S.C. §1395i-3 *et seq* and Virginia's substantially similar act found in Title 32.1 of the Virginia Code.

7.  Big Stone Gap Life Care, LLC receives compensation for their services that results in the application of the legal requirements for nursing home facilities found in 42 U.S.C. §1395i-3 *et seq* and Virginia's substantially similar act found in Title 32.1 of the Virginia Code.

8.  The acts complained of herein occurred in Wise County, Virginia.

9.  Drain was a neighbor of Muriel Woodward, and from time to time, she would perform good neighborly acts of kindness for him, such as transportation needs and assisting with paying his bills.

10.  Drain received no money for these acts of kindness.

11.  There was no familial relationship by either blood or marriage between Drain and Woodward.

12.  Both 42 U.S.C. §1395i-3 *et seq* and Virginia's substantially similar act found in Title 32.1 of the Virginia Code prohibit Big Stone Gap Life Care, LLC from making Drain personally liable for Woodward's care at its facility.

13.  Both 42 U.S.C. §1395i-3 *et seq* and Virginia's substantially similar act found in Title 32.1 of the Virginia Code prohibit Big Stone Gap Life Care, LLC from creating personal liability for Drain as a condition to the admission of Woodward to its facility.

14.    Upon information and belief, Big Stone Gap Life Care, LLC has a practice of requiring "third parties" to execute documents that require them to pay for the medical care of persons who are admitted, all in violation of both 42 U.S.C. §1395i-3 *et seq*  and Virginia's substantially similar act found in Title 32.1 of the Virginia Code.

15.    On or about June 2024, Woodward requested medical help from Drain by providing transportation. Eventually, she was able to assist in transporting him to the nursing home of Big Stone Gap Life Care, LLC.

16.    During the admission process, Big Stone Gap Life Care, LLC's agents and employees prepared a Promissory Note and required Dran to execute the Promissory Note that required her to pay the health care costs of Woodward, all in violation of both 42 U.S.C. §1395i-3 *et seq*  and Virginia's substantially similar act found in Title 32.1 of the Virginia Code.

17.    During the admission process, Big Stone Gap Life Care, LLC's agents and employees induced Drain to execute the Promissory Note by making false statements to Drain about the true purpose of the document in order to induce her to execute the Promissory Note.

18.    Drain received no legal consideration in exchange for executing the Promissory Note.

19.    Notwithstanding the fact that Big Stone Gap Life Care, LLC violated both 42 U.S.C. §1395i-3 *et seq*  and Virginia's substantially similar act found in Title 32.1 of the Virginia Code by requiring Drain to pay for the medical care, Big Stone Gap Life Care, LLC initiated a civil suit in the Wise County General District Court, wherein it was seeking judgment against Drain for her noncompliance with the terms of the Promissory Note.

20.    This civil claim was dismissed without prejudice pursuant to Virginia Code §8.01-380.

21. Subsequent to the dismissal of the initial civil claim, on March 14, 2025, Big Stone Gap Life Care, LLC initiated a second civil suit in the Wise County General District Court, wherein it was seeking judgment against Drain for her noncompliance with the terms of the Promissory Note.

22. Drain retained Counsel to represent her in the civil complaint filed by Big Stone Gap Life Care, LLC.

23. On July 10, 2025, Big Stone Gap Life Care, LLC was notified that the document signed by Drain and prepared by agents/employees of Big Stone Gap Life Care, LLC was unlawful.

24. On July 10, 2025, the civil suit was continued to allow Drain to initiate litigation in this Court, and to seek a Temporary Injunction

25. The civil suit is now scheduled for October 23, 2025 in the Wise County General District Court.

26. Drain continues to incur attorney's fees to defend the civil suit initiated by Big Stone Gap Life Care, LLC.

27. Big Stone Gap Life Care, LLC continues to prosecute Drain civilly despite the fact it has actual knowledge that its conduct is in violation of both 42 U.S.C. §1395i-3 *et seq* and Virginia's substantially similar act found in Title 32.1 of the Virginia Code.

28. Big Stone Gap Life Care, LLC continues to prosecute Drain civilly despite the fact it has actual knowledge that there was no legal consideration given to Drain.

29. Big Stone Gap Life Care, LLC continues to prosecute Drain civilly despite the fact it has actual knowledge that it fraudulently induced Drain to sign the document captioned "Promissory Note."

COUNT 1: PLAINTIFF's 42 USC §1983 CLAIMS

30.    Plaintiff's allegations in Paragraphs 1-29 above are incorporated by reference.

31.    42 USC §1983 authorizes individual claims against nursing homes for violations of 42 U.S.C. §1395i-3.

32.    The Plaintiff has sustained legal damages, all as a proximate cause of the violations of 42 U.S.C. §1395i-3 by the Defendant.

33.    The Plaintiff's legal compensatory damages include mental suffering and attorney's fees.

34.    The Plaintiff is entitled to punitive damages because the Defendant has actual knowledge that their conduct is in violation of 42 U.S.C. §1395i-3.

35.    Plaintiff's claim for compensatory damages is $25,000.

36.    Plaintiff's claim for punitive damages is $100,000.

COUNT 2: PLAINTIFF'S 42 USC §1988 CLAIMS

37.    Plaintiff's allegations in Paragraphs 1-36 above are incorporated by reference.

38.    42 USC §1988 authorizes individual claims for attorney's fees upon substantially prevailing in 42 USC §1983 claims.

39.    Plaintiff's claim for an award of attorney's fees will be submitted upon the conclusion of this matter.

COUNT 3: PLAINTIFF'S DECLARATORY JUDGMENT CLAIMS

40.    Plaintiff's allegations in Paragraphs 1-29 above are incorporated by reference.

41.    Plaintiff seeks Declaratory Judgment relief that the conduct by the Defendant is in violation of both 42 U.S.C. §1395i-3 *et seq* and Virginia's substantially similar act found in Title 32.1 of the Virginia Code.

42. Plaintiff seeks Declaratory Judgment relief that the document captioned "Promissory Note" is not an enforceable document because either there was no legal consideration or the document was obtained by improper inducements, or both.

## COUNT 4: PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF

43. Plaintiff's allegations in Paragraphs 1-29 above are incorporated by reference.

44. Plaintiff is entitled to both Temporary and Permanent Injunctive Relief.

45. Based on the four factor analysis in determining whether Temporary Injunctive Relief is warranted, in balance, Temporary Injunctive Relief should be granted that enjoins the continued civil prosecution of Drain because: A. the mental and emotional toll upon the Plaintiff continues as long as the civil prosecution continues; B. Drain swill incur additional attorney's fees to defend her in the civil prosecution; C. there is no prejudicial of prevailing on the merits is great; D. public interest demands that Drain be protected by the provisions in both 42 U.S.C. §1395i-3 *et seq* and Virginia's substantially similar act found in Title 32.1 of the Virginia Code.

46. Upon the Court finding that the Defendant violated both 42 U.S.C. §1395i-3 *et seq* and Virginia's substantially similar act found in Title 32.1 of the Virginia Code, the Court should permanently enjoin the Defendant from prosecuting Drain.

47. Upon the Court finding that the document captioned "Promissory Note" is not an enforceable document because either there was no legal consideration or the document was obtained by improper inducements, or both, the Court should permanently enjoin the Defendant from civilly prosecuting Drain.

WHEREFORE, the Plaintiff seeks judgement against the Defendant for compensatory damages, as described above, and punitive damages, as described above, and declaratory judgment relief, temporary injunctive relief, permanent injunctive relief and attorney's fees, against the Defendant, plus taxable court costs and prejudgment interest from July 10, 2025.

*/s/ Timothy W. McAfee*
Timothy W. McAfee
Virginia State Bar Number: 21779
Attorney for: **Cherie Drain**
McAfee Law Firm, PLLC
The McAfee Law Firm
408 Wood Avenue E
P.O. Box 610
Big Stone Gap, VA 24219
Telephone: (276) 523-5300
Fax: (540) 301-5777
E-mail: tim@mcafee-law.com